**CT Corporation**

# Service of Process Transmittal
03/12/2019
CT Log Number 535081070

**TO:** Risk SOP Meijer
Meijer, Inc.
2929 Walker Ave NW
Grand Rapids, MI 49544-6402

**RE:** **Process Served in Kentucky**

**FOR:** Meijer, Inc. (Domestic State: MI)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | MARY McCUTCHEON, PLTF. vs. MEIJER, INC., DFT. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Jefferson County Circuit Court, KY<br>Case # 19CI01445 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - On or about 07/16/2018 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Louisville, KY |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 03/12/2019 postmarked on 03/07/2019 |
| **JURISDICTION SERVED:** | Kentucky |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days following the day this paper is delivered to you |
| **ATTORNEY(S) / SENDER(S):** | Andrew K. Gailor<br>Andrew K. Gailor, PLLC<br>730 West Market Street, Suite 100<br>Louisville, KY 40202<br>502-744-3825 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/12/2019, Expected Purge Date: 03/17/2019<br><br>Image SOP<br><br>Email Notification, Risk SOP Meijer  RiskSOP@meijer.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 306 W. Main Street<br>Suite 512<br>Frankfort, KY 40601 |
| **TELEPHONE:** | 609-538-1818 |

Page 1 of  1 / AS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**EXHIBIT A**

| | | |
|---|---|---|
| AOC-105<br>Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice   www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | **CIVIL SUMMONS** | Case No. **19CI01445**<br>Court ☑ Circuit ☐ District<br>County Jefferson |

JEFFERSON CIRCUIT COURT
DIVISION EIGHT (8)

**PLAINTIFF**

MARY         LYNN         MCCUTCHEON
6790 Musket Dr.

Louisville          Kentucky          40228

VS.

**DEFENDANT**

MEIJER, INC.
2929 Walker Ave. N.W.

Grand Rapids          Michigan          49544

Service of Process Agent for Defendant:
C T Corporation System

306 W. Main Street

Suite 512

Frankfort          Kentucky          40601

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within 20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: MAR - 6 2019, 2____          DAVID L. NICHOLSON, CLERK          Clerk

By: _____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this ____ day of _____, 2____.

Served by: _____

_____ Title

NO. **19CI01445**　　　　　　　　　　　JEFFERSON CIRCUIT COURT

DIVISION NO. JEFFERSON CIRCUIT COURT
DIVISION EIGHT (8)

MARY McCUTCHEON　　　　　　　　　　　　　　　　　　PLAINTIFF
6709 Musket Dr.
Louisville, KY 40228

vs.　　　　　　　　　　**COMPLAINT**

MEIJER, INC.　　　　　　　　　　　　　　　　　　　DEFENDANT
2929 Walker Ave. N.W.
Grand Rapids, MI 49544

　　　serve: C T Corporation System
　　　　　　306 W. Main Street
　　　　　　Suite 512
　　　　　　Frankfort, KY 40601

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Comes the Plaintiff, Mary McCutcheon, by and through the undersigned counsel, and for her cause of action against Defendant, Meijer, Inc., hereby states as follows:

1. The incident giving rise to this action occurred in Louisville, Jefferson County, Kentucky.

2. At all times relevant hereto, the Plaintiff, Mary McCutcheon (hereafter "McCutcheon"), resided in Louisville, Jefferson County, Kentucky.

3. At all times relevant hereto, Defendant Meijer, Inc., (hereafter "Meijer") was a For Profit, Foreign Corporation whose principle office was located at 2929 Walker Ave., N.W., Grand Rapids, MI 49544. Their Registered Agent is with the Kentucky Secretary of State as C T Corporation System, 306 W. Main Street, Suite 512, Frankfort, KY 40601.

4. At relevant times hereto, Defendant Meijer did operate a retail establishment store named "Meijer" at or about 9500 Preston Hwy, Louisville, KY 40229 (hereafter "Premises"). Such business was open to the public where items of general retail goods such as clothing, household items, grocery items, toys, electronics, and other general merchandise were held out for sale to the general public, including Plaintiff McCutcheon.

5. At all times relevant hereto, the Defendant, by and through its agents, ostensible agents, servants, employees and/or representatives, had a duty to maintain and keep the Premises safe for the use of individuals legally coming upon or into that Premises, along with warning its invitees of all known dangerous conditions; Defendant had a duty to maintain the Premises in a safe and reasonable manner.

6. Plaintiff was an invitee of Defendant at the Premises.

7. On or about July 16, 2018, Plaintiff McCutcheon entered into the Premises to shop, whereupon she slipped and fell upon standing water upon the tile floor inside of the store. The standing water on tile floor created a slippery surface upon which McCutcheon fell and became severely injured. Such water on the floor constituted a dangerous and hazardous condition.

8. Meijer had the duty to remedy, repair, mitigate, and or warn McCutcheon, a business invitee, of such dangerous condition and they failed to do so.

9. Meijer, its employees, agents, representatives, and or servants, knew or should had know of the wet floor and resultant dangerous condition as they had an employee acting as a "greeter" in the immediate vicinity who was present prior to and during McCutcheon's fall.

10. The flooring material used by Meijer where McCutcheon fell is unsafe and improper for such use in such area as it is known to become slippery and dangerous when wet. Meijer knew or should had known that such flooring would become wet as customers tracked in rain from outside. The flooring itself is therefore a dangerous condition that Meijer knew of and they should had remedied, repaired, replaced, and or warned McCutcheon of such condition, all of which they failed to do.

11. The Defendant Meijer failed to warn the Plaintiff of the dangerous condition of the wet floor and they failed or to cure the dangerous condition. This dangerous condition caused Plaintiff McCutcheon to slip and fall upon the wet floor causing her personal injuries.

12. As a direct and proximate result of the negligent acts and/or omissions of the Defendant Meijer and or its agents, the Plaintiff McCutcheon was caused to incur past, present, and future pain and suffering, permanent impairment, past and future medical expense, increased risk of future harm and injury, mental anguish, lost enjoyment of life, and lost wage.

13. The Plaintiff's damages are in excess of the minimum dollar amount necessary to invoke the jurisdiction of this Court.

**WHEREFORE**, the Plaintiff, respectfully demands judgment against the Defendant as follows:

1. For an amount of compensatory damages that is fair and reasonable as established by the evidence;

2. For prejudgment interest from the date of injury until such time as judgment is paid;

3. For her costs herein expended; and

4. For any and all other relief to which she may be entitled.

Respectfully submitted,

Andrew K. Gailor
ANDREW K. GAILOR, PLLC
730 West Market Street, Suite 100
Louisville, Kentucky 40202
502.744.3825
Counsel for Plaintiff

| | |
|---|---|
| NO. 19-CI-01445 | JEFFERSON CIRCUIT COURT |
| | DIVISION EIGHT (8) |
| | HON. A.C. MCKAY CHAUVIN |
| | *Electronically Filed* |

MARY McCUTCHEON                                                                                   PLAINTIFF

v.

MEIJER GREAT LAKES LIMITED PARTNERSHIP                                         DEFENDANT

## MEIJER GREAT LAKES LIMITED
## PARTNERSHIP'S ANSWER TO COMPLAINT

Defendant, Meijer Great Lakes Limited Partnership ("Meijer"), by counsel, states the following:

1. Any and all allegations not specifically admitted are denied.

2. With respect to the allegations contained in Paragraph 1 of the Complaint, Meijer admits only that Plaintiff was involved in an incident at the Meijer store located at 9500 Preston Highway, Louisville, Kentucky 40229. Meijer denies the remaining allegations contained in said paragraph because "incident giving rise to this action" is undefined.

3. Meijer lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 2, 6, and 7 of the Complaint and, therefore, denies them.

4. Meijer admits the allegations contains in Paragraph 3 of the Complaint except it does not know what is meant by "At all times relevant hereto" or "For Profit" and, therefore, denies those allegations.

5. With respect to the allegations contained in Paragraph 4 of the Complaint, Meijer admits that the store located at 9500 Preston Highway, Louisville, Kentucky 40229 is open to the public. Meijer also admits that it sells items such as the ones identified in said paragraph. Meijer denies the remaining allegations contained in said paragraph.

6. The allegations contained in Paragraphs 5 and 13 of the Complaint are improperly pled conclusions of law and, therefore, no response is required. To the extent they are interpreted

Meijer's Answer to Plaintiff's Complaint – Page 1

as factual allegations to which a response is required, Meijer denies that it breached any duty owed to Plaintiff.

7. The allegations contained in Paragraph 8 of the Complaint are improperly pled conclusions of law. Meijer denies that it breached any duty owed to Plaintiff.

8. Meijer denies the allegations contained in Paragraphs 9, 10, 11, and 12 of the Complaint.

9. The remainder of Plaintiff's Complaint constitutes a prayer for relief to which no response is required. However, to the extent a response is required, Meijer denies that the Plaintiff is entitled to the relief requested.

### FIRST DEFENSE

Plaintiff's Complaint may fail to state a claim upon which relief may be granted.

### SECOND DEFENSE

All or part of Plaintiff's injuries were caused or contributed to by her own actions and/or inactions, and as such, any recovery in this case should be precluded and/or diminished by the extent of her own wrongdoing.

### THIRD DEFENSE

All or part of Plaintiff's claims and injuries were caused or contributed by the actions or inactions of third parties, not Meijer, and as such Plaintiff's claims and/or recoveries should be precluded and/or diminished by the extent of the fault of said third parties.

### FOURTH DEFENSE

Plaintiff's claims are precluded by the doctrines of waiver and estoppel.

### FIFTH DEFENSE

Any and all alleged hazards at the subject property about which Plaintiff Mary McCutcheon complains were open and obvious and/or reasonably ascertainable by her, and as such, Meijer had no obligation to warn, rectify, or correct said hazards. Alternatively, Meijer had no notice of the alleged hazard and did not have sufficient time to discover the alleged hazard prior to Plaintiff encountering same.

## SIXTH DEFENSE

Plaintiff has an obligation to mitigate damages. To the extent Plaintiff has not done so, Meijer is entitled to a credit or setoff against any amount awarded Plaintiff in the amount of the damages that could have been reasonably avoided by Plaintiff.

## SEVENTH DEFENSE

Meijer pleads that any money Plaintiff recovered from any other source for alleged injuries and/or damages, if any, should be an offset to any judgment rendered against Meijer, if any.

## EIGHTH DEFENSE

Meijer hereby reserves the right to raise additional affirmative defenses, and to assert counterclaims and third party claims in the future.

WHEREFORE, for the foregoing reasons, Meijer, by counsel, respectfully requests the following relief:

1. Dismissal of Plaintiff's Complaint, with prejudice;
2. Their costs herein expended, including a reasonable attorney's fee;
3. Trial by jury; and
4. Any and all other relief to which Meijer may reasonably appear to be entitled.

Respectfully submitted,

*/s/ Lindsay M. Gray*
James M. Burd
Lindsay M. Gray
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
100 Mallard Creek Road, Suite 250
Louisville, KY 40207
Telephone: (502) 238-8500
Facsimile: (502) 238-7995
Email: james.burd@wilsonelser.com
       lindsay.gray@wilsonelser.com
*Counsel for Defendant*
*Meijer Great Lakes Limited Partnership*

## CERTIFICATE OF SERVICE

      I hereby certify that on March 19, 2019, I electronically filed the foregoing with the Clerk of the Court by using the KCOJ electronic filing system, which will send a notice of electronic filing to the following:

Andrew K. Gailor
Andrew K. Gailor, PLLC
730 West Market Street, Suite 100
Louisville, KY 40202
andrewkinggailor@gmail.com
*Counsel for Plaintiff*

                        /s/ Lindsay M. Gray
                        *Counsel for Defendant*

Meijer's Answer to Plaintiff's Complaint – Page 4

15   03/14/2019         David L. Nich

NO. 19-CI-01445                                        JEFFERSON CIRCUIT COURT
                                                             DIVISION EIGHT (8)
                                                     HON. A.C. McKAY CHAUVIN
                                                             *Electronically Filed*

MARY McCUTCHEON                                                        PLAINTIFF

v.

MEIJER GREAT LAKES LIMITED PARTNERSHIP                                 DEFENDANT

## STIPULATION AND AGREED ORDER
## DISMISSING AND AMENDING CAPTION

Plaintiff, Mary McCutcheon ("Plaintiff") and Defendant, Meijer, Inc., hereby stipulate and agree to (1) the dismissal of Plaintiff's claims against Meijer, Inc. without prejudice, (2) the substitution of Meijer Great Lakes Limited Partnership as the proper defendant; and (3) the amendment of the case caption and heading accordingly.

**IT IS, THEREFORE, ORDERED** that

(1) All claims against Meijer, Inc. are hereby dismissed without prejudice, with each party to bear its own costs;

(2) Substitution of Meijer Great Lakes Limited Partnership as the proper defendant; and

(3) The case caption is amended according to this Stipulation and is reflected above.

This is a final and appealable Order and there is no just cause for delay in its entry.

The Clerk of this Court shall mail a copy of this Order to counsel at the addresses listed below upon entry thereof.

_____
JUDGE, JEFFERSON CIRCUIT COURT

DATE: 3-14-19



ENTERED IN COURT
DAVID L. NICHOLSON, CLERK
MAR 15 2019
BY _____ DEPUTY CLERK

Stipulation and Agreed Order Dismissing and Amending Caption – Page 1